UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| In re | Chapter 7 |
|---|---|
| THOMAS UNDERLY, | Case No. 11-16017 |
| | Adv. No. 12-00391 |
| Debtor. | |
| | Hon. Jack B. Schmetterer |
| RICHARD FOGEL, TRUSTEE, | |
| Plaintiff, | |
| vs. | |
| CHARLENE CAPONI-UNDERLY, | |
| Defendant. | |

## ~~PROPOSED~~ *Recommend* FINDING OF FACT AND CONCLUSIONS OF LAW (Count I)

This matter is before the Court on Plaintiff's motion for entry of a default judgment against Defendant pursuant to Bank. R. 7055 and Fed. R. Civ. Pro. 55. *An order of default was entered and all allegations of complaint are thereby admitted.*

### I. FINDINGS OF FACT

1. This is an adversary case is brought by the Chapter 7 Trustee pursuant to 11 U.S.C. §§ 548(a)(1)(a) and 550(a)(1) to recover money fraudulently transferred by Debtor to Defendant.[1]

2. Debtor filed his Chapter 7 case on April 15, 2011, and Plaintiff is the duly appointed trustee.

---

[1] Count I is brought under 11 U.S.C. § 548, while Count II alleges liability under the Illinois fraudulent transfer statute, Ill. Rev. Stat. ch. 740 § 160/6(a),  Count III alleges that Defendant aided and abetted the fraudulent transfers and benefited from them, and Count IV alleges that Defendant held property of the estate and converted it to her own use or that of Debtor.  Plaintiff has decided to proceed to judgment only under Count I and voluntarily dismisses Counts II-IV.

3. The facts of this adversary case are established by the well-pleaded allegations of the Complaint, apart from allegations of damages. All such well-pleaded allegations are deemed admitted by Defendant pursuant to Fed. R. Civ. Pro. 8(b)(6) for her failure to answer the Complaint. The facts regarding damages are established by Plaintiff's Unsworn Declaration made pursuant to 28 U.S.C. § 1746 ("Declaration") and Schedule I to Debtor's Petition.

4. Defendant is the wife of Debtor, Thomas Underly, and is a resident of Cook County, Illinois. Complaint ¶¶ 5, 6.

5. Debtor is in the construction business and from October 2010 to April 11, 2011, deposited his business income from time to time into her personal checking account at Chase Bank with the actual intent to hinder, delay, or defraud his creditors. Complaint ¶ 8, Declaration ¶ 3.

6. According to Debtor's Schedule I, Debtor and Defendant have monthly income of only $5,190. However, Defendant's checking account statements at Chase Bank covering the period of October 23, 2011 through April 11, 2011, produced at her Rule 2004 examination, show monthly deposits in excess of this amount. With the exception of a deposit of $20,000 made on December 3, 2011, coming from Defendant's IRA and another of $20,000 made on December 10, 2011, from the settlement of her deceased mother's estate, the excess amounts appear to be attributable to Debtor's business income deposited into Defendant's account. Declaration ¶¶ 4-7. The following table of Defendant bank statements shows that Defendant's deposits totaled $135,923.38. By deducting Debtor's and Defendant's income and the money from her IRA and mother's estate totaling $71,400.00, the statements show that Debtor transferred $64,783.66 of his business income into Defendant's account.

2

| Statement | Deposits | Less Schedule I Income | | Business Income |
|---|---|---|---|---|
| 11/22/2010 | $13,866.66 | $5,190.00 | | $8,676.66 |
| 12/21/2010 | $45,193.94 | $45,190.00 | * | $3.94 |
| 1/24/2011 | $12,011.58 | $5,190.00 | | $6,821.58 |
| 2/22/2011 | $14,117.48 | $5,190.00 | | $8,927.48 |
| 3/21/2011 | $5,420.62 | $5,190.00 | | $230.62 |
| 4/21/2011 | $45,313.38 | $5,190.00 | | $40,123.38 |
| Total | $135,923.66 | $71,140.00 | | $64,783.66 |

\* Includes the $20,000 from IRA and $20,000 from inheritance.

7. Debtor's transfers of his business income into Defendant's account were done with the actual intent to hinder, delay, or defraud his creditors. Complaint ¶ 8.

II.  **CONCLUSIONS OF LAW**

  a. **Jurisdiction**

8. The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1334(a), which provides that federal district courts have "original and exclusive jurisdiction" of all cases under title 11 of the United States.

9. 28 U.S.C. § 157(a) allows the district courts to refer cases under title 11 and proceedings arising under title 11 or arising in or related to a case under title 11 to the bankruptcy judges for their districts. The District Court for the Northern District of Illinois has made a reference of

cases and proceedings filed under title 11 to the bankruptcy judges for its district. Northern District of Illinois Operating Procedure 15(a).

10. Under 28 U.S.C. § 157(b)(1) a bankruptcy judge to whom a case has been referred may enter final judgment on core proceedings arising in the case and a proceedings involving fraudulent transfers are core proceedings. Fraudulent transfer disputes are core proceedings. 28 U.S.C. § 157(b)(2)(H).

11. The Supreme Court's recent ruling in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), however, may have made core jurisdiction unconstitutional, for *Stern* requires that only an Article III court may enter final orders resolving state court claims that do not involve the resolution of a proof of claim. *Id.* at 2611, 2618. ~~The Seventh Circuit, in *Ortiz v. Aurora Health Care, Inc.*, 665 F.3d 906, 914 (7th Cir. 2011) ruled, in light of *Stern*, that a bankruptcy court did not have authority to enter final orders on a summary judgment motion involving state law claims where their resolution did not involve an adjudication of the creditor's proofs of claim.~~ Consequently, the *Stern* decision may mean that final judgment in fraudulent transfer adversary cases that do not involve a proof of claim, as in this adversary case, must be entered by an Article III judge.

12. Nevertheless, 28 U.S.C. § 157(c)(1) provides that a bankruptcy judge may hear a non-core case that is otherwise related to a bankruptcy case and submit proposed findings of fact and conclusions of law to the District Court for entry of final judgment. The Seventh Circuit has held that "[t]here is jurisdiction under § 157(c)(1) only when the dispute is "related to" the bankruptcy-meaning that it affects the amount of property available for distribution or the allocation of property among creditors." *Xonics, Inc. v. First Wisconsin Fin. Corp.*, 813 F.2d 127,

4

131 (7th Cir. 1987). There is no doubt that a fraudulent transfer is a dispute that affects the amount of property available for distribution or the allocation of property among creditors.

13. In view of *Stern and Ortiz*, this Court hereby submits its opinion and the proposed orders herein to the District Court as Recommended Findings of Fact and Conclusions of Law under 28 U.S.C. § 157(c)(1).

### b. Fraudulent Transfer

14. 11 U.S.C. § 548(a)(1)(A) provides:

> (a) (1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--
>
> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made....

15. As stated above, Debtor transferred his business income in the amount of $64,783.66 into Defendant's checking account within two years before the filing of his Chapter 7 case with the actual intent to hinder, delay, or defraud creditors.

16. 11 U.S.C. § 550(a)(1) provides:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from--
>
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made

17. Defendant is the initial transferee of property, and Plaintiff is entitled to recover $64,783.66 from Defendant.

5

12-00391:10.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 4/30/2012 3:21:21 PM by:John Delgaudio Page 6 of 6

18. Accordingly, Plaintiff is entitled to judgment against Defendant for $64,783.66, plus costs. *Entry of the agreed Judgment Order as recommended*

Prepared by

John V. Del Gaudio, Jr., Ltd.
3533 Magnolia Dr.
Markham, IL 60428
312.671.1905
jvd@jvdlaw.com

*Enter*

*U.S. Bankruptcy Judge*

*June 5, 2012*

JUN 0 5 2012

6

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: <br> THOMAS UNDERLY, <br><br><br><br><br> RICHARD FOGEL, TRUSTEE, <br><br><br> CHARLENE CAPONI-UNDERLY, <br><br> | Debtor(s) <br><br><br> Plaintiff(s) <br><br> Defendant(s) | ) BK No.:   11-16017 <br> ) <br> ) <br> ) Chapter: 7 <br> ) Honorable Jack B. Schmetterer <br> ) <br> ) <br> ) Adv. No.: 12-00391 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

*Recommended*

**ORDER OF JUDGMENT OF DEFAULT AGAINST CHARLENE CAPONI-UNDERLY**

This matter is before the Court on the motion of Richard Fogel, Trustee, for an order of default against Defendant, Charlene Caponi-Underly, due notice having been given and the Court having been duly advised in the premises, orders:

1. Pursuant to the Findings of Fact and Conclusions of Law *adopted by the District Judge* ~~entered~~ this day, judgment is hereby entered against Defendant, Charlene Caponi-Underly, on Count I of the Complaint in the amount of $64,783.66, plus costs, and

2. Plaintiff voluntarily dismisses Counts II-IV.

Enter:

_____   *District Judge* _____
Dated:                        United States ~~Bankruptcy Judge~~

**Prepared by:**

*[signature] Right to Alphabet Reserved*
*Further of Conclusions*

Rev: 20120209_apo

In re: Fogel, Trustee v. Caponi-Underly
Adversary Proceeding No. 12 A 00391

# CERTIFICATE OF SERVICE

I, Deborah Smith, certify that on ___June 5, 2012___, I caused to be mailed by United States first class mail or through the Court's CM/ECF system copies of the foregoing Order:

*Deborah Smith*
Deborah Smith, Courtroom Deputy

## Electronic Service through CM/ECF System

John V Delgaudio, Jr
John V Del Gaudio Jr LTD
3533 Magnolia Dr.
Markham, IL 60428
**Attorney for Plaintiff**

Trustee
Richard M Fogel
Shaw Gussis Fishman Glantz Wolfson
321 N Clark Street Suite 800
Chicago, IL 60654

represented by Jennifer L. Barton
Robbins, Salomon & Patt, Ldt.
25 E Washington St
Suite 1000
Chicago, IL 60602

U.S. Trustee
Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

## Serviced by U.S. Mail

Thomas Underly
808 Central Ave.
Wilmette, IL 60091-2606
Pro Se/Debtor/Defendant